(10 Misc. Rep. 43.)

### REIHER v. MOELLNER et al.

(City Court of New York, General Term. October 23, 1894.)

CONTRACTS—ACTIONS ON—CONDITION PRECEDENT.
 The answer is sufficient where it admits the contract sued on, and alleges facts constituting a condition precedent to liability and nonperformance thereof by plaintiff.

Appeal from special term.

Action by Charles H. Reiher, as assignee of Steuerwald & Moltz, against Edward Moellner and Ludwig Littauer, to recover for breach of a contract of indemnity. From an order overruling a demurrer to the answer, plaintiff appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

George L. Hoffman, for appellant.

Blumenstiel & Hirsch, for respondents.

EHRLICH, C. J. The action is on a covenant whereby the defendants agreed to hold Steuerwald & Moltz harmless from any judgment that might be awarded against them in an action then pending by one Bernstein, and, in case such suit was determined adversely to that firm, to pay the judgment obtained. The eighth paragraph of the answer admits the agreement, but alleges that it was therein provided that Steuerwald & Moltz would permit the firm of Blumenstiel & Hirsch to defend said action at all times during the entire existence of the same; that, prior to the time when the action was reached for trial, Steuerwald & Moltz violated the agreement, by refusing to allow Blumenstiel & Hirsch to continue as the attorneys for the defendants, and required that firm to deliver the papers to other attorneys; that Blumenstiel & Hirsch were thereafter prevented from performing the services contemplated by the indemnity.

If, as stated in the answer, the promise to indemnify was upon condition that Blumenstiel & Hirsch should be allowed to defend the action, that provision was a condition precedent to liability; and, when Steuerwald & Moltz refused to comply with it, the defendants were absolved from liability. So that neither Steuerwald & Moltz nor the plaintiff, as their assignee, has any cause of action. For these reasons, the court below properly overruled the demurrer, and the order appealed from must therefore be affirmed, with costs. All concur.